992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman and Ann THEUNISSEN, Plaintiffs-Appellants,
v.
Sid MATTHEWS, d/b/a Matthews Lumber Transfer, Defendant-Appellant
 No. 92-1271.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1993.
 
 Before NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge
 PER CURIAM.
 
 
 1
 Herman Theunissen drove a truck for Direct Transit Lines, located in Grand Rapids, Michigan. On March 10, 1988, Theunissen picked up a load of lumber from the lumber yard owned by Sid Matthews in Windsor, Canada. One of Matthews's employees loaded the lumber onto Theunissen's truck using a forklift-type machine called a "hi-lo." During the loading, Theunissen's hand was caught in the hi-lo and crushed, causing permanent damage. He and his wife filed suit against Matthews in State court; the case was removed to the Eastern District of Michigan as a diversity action.
 
 
 2
 The District Court granted Matthews's motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). However, this court sent the matter back to the District Court, having agreed with Theunissen that the record did not adequately support the District Court's conclusion that the plaintiff had proven insufficient contacts between Matthews and the State of Michigan to reach the defendant via long-arm jurisdiction. See Theunissen v. Matthews, 935 F.2d 1454 (6th Cir.1991). After conducting a hearing and making additional findings of facts, the District Court again arrived at the same conclusion. Theunissen appeals the dismissal; we affirm.
 
 
 3
 State "long-arm" statutes grant State courts limited personal jurisdiction over nonresident defendants, in general to allow resident plaintiffs to sue foreign persons or corporations whose out-of-state activities have visited harm upon them. However, the Federal Constitution's Due Process Clause limits the power of States to extend their jurisdictional reach in this manner. Asahi Metal Industry Co. Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 108 (1987). The court may exercise personal jurisdiction over a nonresident only where "the defendant purposefully established 'minimum contacts' in the forum State." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). The plaintiff must therefore show both that the defendant's alleged bad conduct fits the requisite conditions for exercise of long-arm jurisdiction under State law and that sufficient contacts exist between the defendant and the State to exercise personal jurisdiction without violating the Due Process Clause.
 
 
 4
 Since this case was removed on the basis of diversity, the District Court properly applied the law of Michigan, the forum State, to the question of personal jurisdiction. Theunissen, 935 F.2d at 1459 (citing Welsh v. Gibbs, 631 F.2d 436 (6th Cir.1980), cert. denied, 450 U.S. 981 (1981)). Theunissen contends that limited personal jurisdiction extends to Matthews under Mich.Comp.Laws Ann. § 600.705(1) and (5) (West 1981).[1] He alleges that on several occasions, and on the occasion of his injury, Matthews had contracted with Direct Transit Lines to haul lumber from his yard to a recipient in Michigan; he points to several Direct Transit shipments from Matthews Lumber Transfer to Michigan which were billed directly to Matthews and evidently paid by him.
 
 
 5
 Matthews admits paying the invoices, but argues that he did not "contract" with Direct Transit. Typically, Matthews testified, a Canadian lumber company or wholesaler sold lumber directly to a customer, in this case Weyerhauser; the lumber company or wholesaler would then directly hire both Direct Transit and Matthews, and Matthews's only role was to unload the lumber from incoming trains and load it onto trucks in the proper quantities. Only when Matthews made a mistake, for example sending the wrong amount of lumber on a truck, would Direct Transit send him a bill for any extra shipments necessary to cure the error.
 
 
 6
 These conflicting accounts originally appeared in affidavits the parties submitted to the District Court in conjunction with Matthews's first motion to dismiss. We remanded for additional findings of fact because Theunissen's affidavits made out a prima facie showing of proper long-arm jurisdiction under § 600.705(1), and Matthews's affidavits alone did not suffice to rebut this showing. Theunissen, 935 F.2d at 1464. We noted, however, that if on remand Matthews substantiated his story, he would most likely prevail. Id.
 
 
 7
 After conducting an evidentiary hearing on the matter, the District Court concluded that "no ... course of business dealings [between Matthews and Direct Transit Lines] can be found from the evidence." The District Court found that Matthews had not ever hired Direct Transit but that the invoices had in fact resulted from shipping errors. Thus, the court found that Theunissen's injury did not occur in the course of a Direct Transit haul ordered by Matthews. On the basis of these facts, the court concluded, quoting Theunissen, that "sufficient contacts [did not] exist to sustain jurisdiction" and again dismissed the case.
 
 
 8
 In reviewing the District Court's determination as to whether personal jurisdiction exists, we review findings of fact for clear error and conclusions of law de novo. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 678 (1st Cir.1992). Clearly erroneous findings of fact are those which leave "the reviewing court on the entire evidence ... with the definite and firm conviction that a mistake has been committed." Loudermill v. Cleveland Board of Education, 844 F.2d 304, 308 (6th Cir.), cert. denied, 488 U.S. 946 (1988). The testimony offered at the hearing on the whole confirmed Matthews's original description of his business dealings and essentially undermined Theunissen's allegations. The record now fully supports the conclusions of the District Court, and we hold that the District Court's findings of fact are not clearly erroneous.
 
 
 9
 As for the District Court's legal conclusions, we note that the court held that it had no personal jurisdiction over Matthews because the facts showed insufficient contacts between Matthews and the State of Michigan. We hold, however, that the facts appearing in the record do not show Matthews to fall within the statutory ambit of the Michigan long-arm statute as alleged by the plaintiffs. For this reason, we decline to pass judgment on the existence of minimum contacts. One of the "fundamental and longstanding principle[s] of judicial restraint" obliges us not to deny jurisdiction based on Due Process concerns where we can dispose of this case on alternate statutory grounds without reaching constitutional issues. Lyng v. Northwest Indian Cemetery Protective Association, 485 U.S. 439, 445 (1988). Mr. Theunissen has not proven that his claim arose out of the "transaction of any business" in Michigan by Matthews, Mich.Comp.Laws § 600.705(1), or out of a "contract for services to be rendered or for materials to be furnished in the state" by Matthews. Mich.Comp.Laws § 600.705(5). We therefore hold that the Michigan long-arm statute would not reach the defendant even if the constitutional concerns were to prove nonexistent.
 
 
 10
 For the reasons given, the District Court's dismissal of this action for lack of personal jurisdiction over the defendant is AFFIRMED.
 
 
 
 [1]
 This section provides that
 [t]he existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:
 (1) The transaction of any business within the state.
 * * *
 (5) Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.
 Mich.Comp.Laws Ann. § 600.705.