110 F.3d 66
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WALKER MOTORSPORT, INCORPORATED, Derrick Walker Racing,
Incorporated, and Derrick Walker, Plaintiffs-Appellants,
v.
HENRY MOTORSPORT, INCORPORATED, and L. Joseph Henry,
Defendants-Appellees.
 No. 95-2250.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1997.
 
 Before: KENNEDY, JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Walker Motorsport, Inc., Derrick Walker Racing, Inc., and Derrick Walker (collectively "Walker Motorsport") appeal the dismissal of their declaratory judgment action against Defendants Henry Motorsport, Inc. ("Henry Motorsport") and L. Joseph Henry. Walker Motorsport claims that the district court erred in granting the Defendants' motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, we affirm.
 
 I.
 
 2
 Defendant Henry Motorsport is a California corporation, which has its principal offices in Sacramento, California. Defendant L. Joseph Henry is a citizen of the state of California and is the chief executive officer of Henry Motorsport. Walker Motorsport is a Michigan Corporation with its principal place of business in Warrington, Pennsylvania.[1]
 
 
 3
 On March 21, 1991, Walker Motorsport and Henry Motorsport entered into a contract that authorized Henry Motorsport to procure sponsors for Walker Motorsport for the 1991 racing season. In return, Henry Motorsport was to receive 10 percent of the total gross amount of sponsorship it obtained for Walker Motorsport during the 1991 racing season. The contract was executed by Walker Motorsport in Pennsylvania and by the Defendants in California. The contract stated that it would be governed by the laws of Pennsylvania.
 
 
 4
 In addition to contracting with Henry Motorsport, Walker Motorsport hired Patrick Wall to coordinate the procurement of sponsorship funds.[2] Mr. Wall had an office in Grand Rapids, Michigan. Henry Motorsport admits that it mailed or transmitted by facsimile several documents to Mr. Wall and placed a number of phone calls to Mr. Wall.
 
 
 5
 In 1991, Henry Motorsport attempted to solicit sponsorship from Pepsi-Cola Company, Inc. ("Pepsi"). Pepsi, however, informed Henry Motorsport that it was not interested in sponsoring Walker Motorsport racing cars for the 1991 or 1992 racing season.
 
 
 6
 The underlying dispute arose when Pepsi agreed to sponsor Walker Motorsport for the 1993 and 1994 racing seasons. Henry Motorsport claims that in 1993 the parties agreed to continue the contract, and that Walker Motorsport must pay Henry Motorsport 10 percent of the sponsorship funds received from Pepsi.
 
 
 7
 On September 3, 1994, Walker Motorsport filed suit in the United States District Court for the Eastern District of Michigan. Walker Motorsport sought a declaratory judgment that it had satisfied any and all indebtedness to the Defendants.
 
 
 8
 On October 30, 1995, the district court dismissed the action for lack of jurisdiction. Walker Motorsport filed this timely appeal.
 
 II.
 
 9
 "[W]e review the district court's dismissal for lack of personal jurisdiction de novo." Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir.1996) (citation omitted). In this case, the district court did not hold an evidentiary hearing, and thus, we view the facts in the light most favorable to the non-moving party when confronted with a Rule 12(b)(2) motion to dismiss. Id. (citation omitted).
 
 
 10
 In a diversity action, the law of the forum state controls. Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir.1991). Thus, this court looks first to Michigan's long-arm statute to determine whether the district court can exercise jurisdiction over the defendants.
 
 
 11
 Personal jurisdiction is either general jurisdiction, where the defendant has "continuous and systematic" contact with the forum state, Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445-47 (1952), or limited jurisdiction, where the subject matter of the lawsuit is related to the defendant's contacts with the forum state. Tryg, 91 F.3d at 793. In Michigan, courts have general jurisdiction over an individual when the individual is served in the state, domiciled in the state, or has consented to be sued in the state. Mich.Comp.Laws § 600.701. Courts have general jurisdiction over corporations when the corporation is incorporated under the laws of the state, consents to be sued in the state, or carries on a "continuous and systematic part of its general business within the state." Mich.Comp.Laws § 600.711. Walker Motorsport does not allege any facts that would support general personal jurisdiction over Henry Motorsport or L. Joseph Henry.
 
 
 12
 A corporation or an individual is subject to the limited jurisdiction of the courts of Michigan if any of five designated relationships exist between the corporation or individual and the state. See Mich.Comp.Laws § 600.705 (individuals); § 600.715 (corporations). Only the following two relationships have relevance in this case: (1) "[t]he transaction of any business within the state"; or (2) "[t]he doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort." Mich.Corp.Laws § 600.715.[3] The Michigan Supreme Court has construed Michigan's long-arm statutes to bestow the broadest possible grant of personal jurisdiction consistent with due process. Sifers v. Horen, 188 N.W.2d 623, 623-24 (Mich.1971). And where a state's long-arm statute extends to the constitutional limits of the Due Process Clause, the two inquiries are merged; courts must only determine whether assertion of personal jurisdiction over the defendant violates the Due Process Clause. Tryg, 91 F.3d at 793 (citation omitted).
 
 
 13
 In order to comply with the Due Process Clause, the plaintiff must establish that significant minimum contacts exist sufficient to satisfy "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Drawing on the teachings of International Shoe, this court has set forth three criteria that must be met before it will exercise personal jurisdiction:
 
 
 14
 First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.
 
 
 15
 Southern Mach. Co. v. Mohasco Indus., 401 F.2d 374, 381 (6th Cir.1968).
 
 
 16
 A showing of the first criterion--that the defendant purposefully availed itself of the privilege of transacting business in the forum state or causing a consequence in the forum state--is essential. Lak, Inc. v. Deer Creek Enterprises, 885 F.2d 1293, 1300 (6th Cir.1989) (citations omitted). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Keeton v. Hustler Magazine, 465 U.S. 770, 774 (1984) and World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980)). The key to this inquiry is whether the defendant reached out beyond its state to create a continuous and systematic relationship with citizens of another state. Burger King, 471 U.S. at 473. The Defendants in this case did not reach out to Michigan to create continuous relationships and obligations, nor did they invoke the "benefits and protections" of Michigan law. Instead, Walker Motorsport requested that in setting up the sponsorship program, the Defendants should coordinate their efforts through Mr. Wall, who happened to have an office in Michigan. As in Lak, "[t]he telephone calls and letters on which the plaintiff's claim of jurisdiction primarily depends strike us as precisely the sort of 'random,' 'fortuitous' and 'attenuated' contacts that the Burger King Court rejected as a basis for haling non-resident defendants into foreign jurisdictions." Lak, 885 F.2d at 1301; see also Reynolds v. International Amateur Athletic Fed'n, 23 F.3d 1110, 1119 (6th Cir.1994) (holding that phone calls and letters alone cannot provide the requisite minimum contacts to satisfy due process). In conclusion, it would be unreasonable to exercise jurisdiction over the Defendants in this case, given the minimal connections between the Defendants and the State of Michigan.
 
 III.
 
 17
 At the end of its brief, the Defendants request that this court award fees and costs because the appeal was frivolous. Such a request is not unprecedented. In a recent case, Simmons v. Allstate Life Ins. Co., 65 F.3d 526, 531 (6th Cir.1995), this court awarded costs and fees for a frivolous appeal. Rule 38 of the Federal Rules of Appellate Procedure provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." (emphasis added). The advisory committee's note advises courts that "[a] statement inserted in a party's brief that the party moves for sanctions is not sufficient notice.... Only a motion, the purpose of which is to request sanctions, is sufficient." Fed.R.App.P. 38 advisory committee's note. This separate filing and notice rule became effective December 1, 1994. Id.[4] The notice of appeal was filed November 13, 1995. The Defendants have failed to comply with the rule. We decline to impose sanctions on the Plaintiffs.
 
 IV.
 
 18
 The judgment of the district court is AFFIRMED, and the Defendants' motion for sanctions is DENIED.
 
 
 
 [1]
 At the time the parties signed the contract, Walker Motorsport had its principal place of business in Pennsylvania. Walker Motorsport now appears to have relocated its principal place of business to Indianapolis, Indiana
 
 
 [2]
 The parties dispute the role Wall played, and the date he became involved in coordinating the sponsorship efforts. We find this dispute immaterial to whether the district court had personal jurisdiction over the Defendants. Additionally, we will not consider the letter attached to the Defendants' brief, because it was not filed in the district court. Fed.R.App.P. 10(a)
 
 
 [3]
 Section 600.705 reads exactly the same with one exception; part two reads "The doing or causing of an act," rather than "The doing or causing of any act." Compare Mich.Comp.Laws § 600.705(2) with § 600.715(2)
 
 
 [4]
 Prior to December 1, 1994, Rule 38 provided, "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."