**HI–TEX, INC., Plaintiff,**

v.

**TSG, INC., Defendant.**

**No. Civ. 99–CV–74333–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 19, 2000.

Mark A. Cantor, Southfield, MI, for plaintiff.

James Medford, Greensboro, North Carolina, R. Terrance Rader, Bloomfield Hills, MI, for defendant.

## OPINION

DUGGAN, District Judge.

Plaintiff, Hi–Tex, Inc., has filed a patent infringement claim under 35 U.S.C. § 271, against defendant, TSG, Inc., alleging that defendant has violated plaintiff's patents for "Treated Polyester Fabric," patent number 5,565,265 ("the '265 patent"), and "Stain Resistant, Water Repellant, Interpenetrating Polymer Network Coating–Treated Textile Fabric," patent number 5,747,392 ("the '392 patent"). The matter is currently before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) for lack of personal jurisdiction ·and improper venue, or in the alternative, to transfer venue to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a).[1] Oral

---

1. Defendant also filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficient service of process. Since the filing of defendant's motion to dismiss, however, plaintiff has effectu-
ated proper service of process by serving an amended complaint on the appropriate party. In response to the amended complaint, defendant filed an amended motion to dismiss on January 4, 2000, asserting the same argu-

argument regarding defendant's motion was held on January 13, 2000, and, for the reasons stated below, defendant's motion to dismiss for lack of personal jurisdiction shall be granted.

### Background

Defendant TSG is a Pennsylvania corporation engaged in the business of textile finishing. Defendant's business is divided into four divisions: Synfin Industries, which finishes textiles at one plant in Pennsylvania; Synthetics Finishing, which finishes textiles at three plants in North Carolina; Combeau Industries, which finishes fabric at one plant in North Carolina; and Long View Machinery, which manufactures machinery in North Carolina for defendant's three other divisions. (Def.'s Mot. to Dismiss at 2). With the exception of its Combeau division, defendant sells a service, the finishing of textiles, not a product. (*Id.* at 3).

Defendant does not own the textiles it finishes, nor does it direct the type of finish to be applied to a particular textile. (*Id.*). Instead, defendant's customers ship textiles to defendant with directions regarding the type of finish to apply. (*Id.*). Once defendant has completed the textile finishing process, it ships the textile to the end-user per its customer's directions. (*Id.*).

Plaintiff alleges that defendant, through its business of finishing textiles, is infringing two of its patents directed to liquid and stain resistant fabrics. According to plaintiff, defendant "has contacted other fabric manufacturers and has offered to finish their fabrics to make them liquid and stain resistant." (Am.Compl. at ¶ 13). On August 12, 1999, plaintiff informed defendant by letter that it believed that some of defendant's finishes were covered by the '265 and '392 patents, and requested evidence that defendant's finishes were

outside the scope of their patents. (*Id.* at ¶ 14). After defendant failed to respond to plaintiff's inquiry, plaintiff filed suit in this Court.

### Discussion

Defendant has filed a motion to dismiss for lack of personal jurisdiction asserting that this Court has neither general personal jurisdiction nor limited personal jurisdiction over defendant. The parties do not dispute that defendant does no fabric finishing within Michigan, is not incorporated under the laws of Michigan, has no place of business in Michigan, has no registered agent for service of process in Michigan, owns no real property in Michigan, does not incur or pay taxes in Michigan, does not have a license to do business in Michigan, and does not maintain a bank account in Michigan. (Rosenstein Aff. at ¶¶ 9–22). Furthermore, none of defendant's sales agents have visited Michigan in over four years,[2] none of defendant's sales agents have directly solicited orders from customers in Michigan for over four years, and none of defendant's sales agents have shipped samples of its finishes to customers in Michigan in over four years. (*Id.* at ¶¶ 23–25).

Nonetheless, plaintiff contends that defendant is subject to both general and limited personal jurisdiction in Michigan because it has had regular sales to Michigan customers and it advertises nationally through trade magazines, trade shows, and an Internet site. (Pl.'s Resp. at 12–14). Plaintiff bears the burden of establishing that jurisdiction exists. *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir.1991). Furthermore, in the face of a properly supported motion for dismissal, plaintiff may not stand on its pleadings but must, by affidavit or other-

ments asserted in its original motion, but withdrawing its motion to dismiss for insufficient service of process. All references to defendant's motion to dismiss in this Opinion relate to defendant's original motion to dismiss filed on October 28, 1999.

2. Plaintiff's first patent was issued in 1996. Therefore, any alleged infringing activity must have occurred after 1996.

wise, set forth specific facts showing that this Court has jurisdiction. *Id.*

 Because the Court is relying solely upon the parties' affidavits in determining whether personal jurisdiction exists, "plaintiff must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Id.* Under such circumstances, the Court's treatment of defendant's motion to dismiss mirrors, in some respects, that of a motion for summary judgment under Federal Rule of Civil Procedure 56. *Id.* at 1459. For example, the pleadings and affidavits are construed in a light most favorable to plaintiff. *Id.* Furthermore, the Court is obligated to examine each of plaintiff's factual allegations made in support of exercising personal jurisdiction over defendant and must determine whether such allegations, if true, would be sufficient to establish personal jurisdiction. *Id.*

 To determine whether personal jurisdiction exists in a patent infringement case, this Court applies the law of the Federal Circuit, not the regional circuit. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed.Cir.1995). Personal jurisdiction over a non-consenting defendant outside the forum involves a two-step inquiry. *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed.Cir.1998). First, the Court must determine whether the defendant would be subject to personal jurisdiction under the laws of the forum state in which it sits.[3] *Id.* Second, if the defendant is subject to personal jurisdiction in the forum state, the Court must determine whether its exercise of personal jurisdiction over the defendant comports with due process. *Id.*

 The Due Process Clause permits a court to exercise both general and limited personal jurisdiction over a non-resident defendant. In analyzing the due process limits of personal jurisdiction, however, a distinction is made between general and limited personal jurisdiction. General personal jurisdiction exists when a defendant has "continuous and systematic" contacts with the forum state justifying the Court's exercise of judicial power with respect to any and all claims against the defendant. *Id.* at 1359.

 By contrast, limited personal jurisdiction subjects a defendant to suit in the forum state only when the claims "arise out of or relate to" the defendant's contact with the forum state. *Id.* Under the concept of limited personal jurisdiction, "even a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim." *Id.* (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)).

## I. General Personal Jurisdiction

Plaintiff contends that defendant is subject to general personal jurisdiction in Michigan because it has "carried on a substantial, continuous and systematic part of its business in Michigan." (Pl.'s Resp. at 12). According to plaintiff, defendant's "business generated in Michigan is regular and continuous as is indicated by consistent sales in each year." (*Id.*). Plaintiff also relies on the fact that defendant "has engaged in a national advertising campaign intended to solicit nationally and has successfully done so." (*Id.* at 13). For example, defendant has advertised in trade magazines circulated in Michigan, participated in trade shows, and advertised on the Internet. (*Id.*).

 Defendant admits that it has finished textiles for Michigan-based customers. Defendant, however, contends that such contacts are an insufficient basis for this Court to exert general personal

---

**3.** Michigan's general personal jurisdiction statute provides for general jurisdiction over any corporation that carries on "a continuous and systematic part of its general business within the state." Mich.Comp.Laws § 600.711.

Michigan's limited personal jurisdiction statute provides for limited jurisdiction over any cause of action "arising out of . . . the transaction of any business within the state." *Id.* § 600.715.

jurisdiction over it in Michigan. This Court agrees. Substantially less than one percent of defendant's business in the years 1995 through 1998 was attributable to Michigan-based customers.[4] (Rosenstein Aff. at 28). Such levels do not rise to "systematic or continuous" justifying this Court's exercise of general personal jurisdiction over defendant. *See Stairmaster Sports/Medical Prod., Inc. v. Pacific Fitness Corp.,* 78 F.3d 602, 1996 WL 39681 (Fed.Cir.1996) (affirming lower court's finding that general personal jurisdiction was lacking when defendant only shipped three percent of its product to forum state).

Plaintiff has provided no evidence that defendant "systematically" or "continuously" does business within Michigan. Defendant does not solicit business in Michigan or ship any of *its* product to Michigan. At most, plaintiff has provided evidence that defendant, when solicited to do so by a customer, provides finishing services at its facilities outside the State of Michigan per the customer's directions by applying the finish to the *customer's* product and then shipping the *customer's* finished product in accordance with the customer's directions. The fact that plaintiff believes "it is a common practice of business entities that require routine services, for example, fabric finishing for a furniture manufacturer, to do repeat business from the same organization," does not automatically lead to the conclusion that defendant conducts "systematic and continuous" business within Michigan. (Pl.'s Resp. at 13).

Defendant argues that its situation is analogous to the defendant's situation in *Neighbors v. Penske Leasing, Inc.,* 45 F.Supp.2d 593 (E.D.Mich.1999), in which this Court held that a defendant steel treating facility that treated steel for Michigan-based customers was not subject to general personal jurisdiction in Michigan. This Court agrees. Similar to the defendant in *Neighbors,* the instant defendant does not directly solicit business from Michigan, does not own the textiles that it finishes, does not control the textile's destination after finishing, and does not initiate direct contact with the textile's end-users.

 Moreover, national advertising, alone, is insufficient to justify general personal jurisdiction. *See, e.g., Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1199 (4th Cir.1993). To hold otherwise would subject every business entity that advertises in a nationally distributed magazine to personal jurisdiction throughout the United States. Furthermore, even assuming that defendant authorized the aforementioned Internet site,[5] participation in a website, without more, is an insufficient basis for exercising personal jurisdiction. *See, e.g., Mink v. AAAA Dev., LLC,* 190 F.3d 333 (5th Cir.1999).

Accordingly, the Court is convinced that defendant does not conduct a "systematic and continuous" part of its business in Michigan and therefore, is not subject to general personal jurisdiction in Michigan.

## II. Limited Personal Jurisdiction

 To determine whether defendant may constitutionally be subjected to limited personal jurisdiction in Michigan, this Court applies a three-prong test. *HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304, 1306 (Fed.Cir.1999). First, the Court must determine whether defendant "purposefully directed its activities at the resi-

---

4. For the years 1995 through 1998, the percentage of defendant's business attributable to its Michigan-based customers ranged from 0.13 to 0.21 percent. The Court recognizes that these percentages do not include fabric sent to defendant by its non-Michigan customers that is finished by defendant and then shipped into Michigan at the direction of its non-Michigan customers. This Court, however, does not believe that the mere shipping to Michigan of fabric belonging to, and paid for by, a non-Michigan customer, at the direction of the non-Michigan customer, constitutes "doing business" in Michigan.

5. Defendant contends that it has never authorized any entity to post information regarding it or its subdivisions on any website. (Def.'s Reply at 3).

dents of the forum." *Id.* Second, the Court must evaluate whether the cause of action "arises out of or is related to those activities." *Id.* Third, the Court must evaluate whether its assertion of personal jurisdiction would be "reasonable and fair." *Id.*

Plaintiff contends that defendant is subject to limited personal jurisdiction in Michigan because it has sold its services to Michigan-based customers. (Pl.'s Resp. at 13). According to plaintiff, defendant "purposefully agreed to finish textiles for Michigan consumers and further expected and received payment from these consumers," therefore, defendant "purposefully availed itself of the benefits and privileges of doing business in Michigan and could reasonably foresee being hailed into court in Michigan." (*Id.* at 13–14). Furthermore, "the protection afforded by the patent owned by a Michigan corporation and the economic losses sustained from [defendant's] infringing activities have occurred in Michigan." (*Id.* at 14). Therefore, according to plaintiff, "[s]ince a main part of the injury from [defendant's] acts affect a Michigan corporation, [defendant] is subject to jurisdiction here." (*Id.*).

### A. *Purposefully Directed Activities At The Forum*

Construing the pleadings and affidavits in a light most favorable to plaintiff, the Court is convinced that, although defendant may have some contacts with Michigan, it has not "purposefully directed its activities" to Michigan. All of defendant's finishing business is conducted in North Carolina and Pennsylvania. Although defendant finishes textiles for Michigan-based customers, defendant does not solicit such business. (Rosenstein Dep. at 17–18). Instead, Michigan companies solicit business from defendant by placing finishing orders and shipping their textiles to defendant's facilities to be treated. Defendant does not send sales agents to Michigan, does not engage in advertising specifically directed at Michigan residents, and does not initiate contact with Michigan-based customers. After evaluat-

ing all of defendant's contacts asserted by plaintiff as a basis for extending jurisdiction, this Court is not convinced that defendant has purposefully directed its activities to Michigan.

### B. *Claim Arises Out Of Or Relates To Defendant's Contacts*

Even if this Court were to find that defendant has purposefully availed itself of doing business in Michigan, the Court would still be required to decline exercising limited personal jurisdiction over defendant because plaintiff has not alleged that its cause of action arises out of, or is related to, defendant's contacts with Michigan. Patent infringement occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention." *HollyAnne Corp.,* 199 F.3d 1304, 1306. Therefore, for plaintiff to successfully establish limited personal jurisdiction over defendant in Michigan, plaintiff must allege that defendant either makes, uses, offers to sell, or sells, the allegedly infringed invention in Michigan. *Id.* It is undisputed that none of defendant's finishing facilities are in Michigan, therefore, plaintiff cannot contend that defendant makes or uses the allegedly infringing product in Michigan. Accordingly, plaintiff must allege that defendant either sells, or offers to sell, the allegedly infringing product in Michigan.

In its complaint, plaintiff simply asserts: "On information and belief, [defendant] has contacted other fabric manufacturers and has offered to finish their fabrics to make them liquid and stain resistant." (Am.Compl. at ¶ 13). Plaintiff, however, does not allege that defendant has offered to provide infringing finishes to its Michigan customers. Furthermore, in making broad assertions that Michigan law provides for " 'limited jurisdiction over a defendant who transacts business within the state' " and that "[a]ccording to Michigan's long arm statute even a single transaction would allow Michigan courts to exercise limited personal jurisdiction over a

corporation," plaintiff has overlooked the most important tenet of limited personal jurisdiction, that the cause of action arise out of or relate to the defendant's contact with the forum state. (Pl.'s Resp. at 13–14).

Defendant, on the other hand, has presented evidence, through the affidavit of Mr. Jack E. Rosenstein, defendant's Executive Vice President, that it has not shipped, or arranged for shipment of, any textiles treated with a potentially infringing finish to Michigan.[6] (Rosenstein Aff. at ¶ 52). Furthermore, defendant has not invoiced any Michigan company for any textiles treated with a potentially infringing finish, nor has defendant applied any of the potentially infringing finishes to any textiles received from Michigan. (*Id.*).

Second, plaintiff has provided no evidence that defendant has offered to sell a potentially infringing finish in Michigan. Neither of the advertisements cited by plaintiff advertise a "Treated Polyester Fabric" finish, nor a "Stain Resistant, Water Repellant, Interpenetrating Polymer Network Coating Treated Textile Fabric." (Pl.'s Resp., Ex. E). In fact, neither advertisement mentions any type of finish at all. Furthermore, the textile website cited by plaintiff simply lists five textile companies with the term "Synfin" in their titles. (*Id.*, Ex. F). The website makes no reference to any type of finish offered by defendant.

Plaintiff does assert that:

[Defendant's] finishing process has infringed the patent rights of a corporation residing in and doing business in the state of Michigan. The protection afforded by the patent owned by a Mich-

igan corporation and the economic losses sustained from [defendant's] infringing activities have occurred in Michigan. Since a main part of injury from [defendant's] acts affect a Michigan corporation, [defendant] is subject to jurisdiction here.

(Pl.'s Resp. at 14). The fact that defendant's allegedly infringing activity results in economic harm in Michigan, however, does not mean that plaintiff's cause of action arises out of or relates to defendant's contacts with Michigan. In fact, the same harm would result even if defendant had no Michigan-based customers and conducted no advertising. Therefore, because the Court is not convinced that plaintiff's cause of action arises out of, or is "substantially related" to, defendant's contacts with Michigan, plaintiff has failed to establish that this Court has limited personal jurisdiction over defendant.[7]

Accordingly, plaintiff has failed to establish a sufficient basis for this Court to exercise either general or limited personal jurisdiction over defendant and therefore, plaintiff's complaint shall be dismissed without prejudice.[8] Furthermore, because the Court finds that personal jurisdiction is lacking, it need not address defendant's motion to dismiss for improper venue.

A Judgment consistent with this Opinion shall issue forthwith.

---

6. For purposes of this motion, defendant has identified eighteen finishes that, "under the broadest reading of the claims of either the '265 or the '392 patents," could potentially constitute infringing finishes. (Rosenstein Aff. at ¶ 50).

7. In fact, at oral argument on January 13, 2000, counsel for plaintiff acknowledged that based upon the current record, limited personal jurisdiction had not been established.

8. In the alternative, defendant filed a motion to transfer venue to the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). However, because this Court lacks personal jurisdiction over defendant, it does not have the power to transfer venue pursuant to § 1404(a). *See HollyAnne Corp. v. TFT, Inc.,* 199 F.3d 1304 (Fed.Cir.1999); *Pittock v. Otis Elevator Co.,* 8 F.3d 325 (6th Cir.1993). Accordingly, defendant's motion to transfer venue pursuant to § 1404(a) shall be denied.